UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUTHER D. REID,

                                  Plaintiff,

   -v-                                                                     6:15-CV-191

FIFTH THIRD BANK,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

LUTHER D. REID
Plaintiff, pro se
16 Northeast Avenue
Johnstown, NY 12095

MCGLINCHEY STAFFORD                    FINCEY JOHN, ESQ.
Attorneys for Defendant
New York Office
112 West 34th Street
Suite 1403
New York, NY 10120

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Plaintiff Luther D. Reid ("plaintiff" or "Reid") brings a verified complaint against defendant Fifth Third Bank asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Plaintiff seeks $2 million in damages and to require defendant to repair his credit. Plaintiff initially filed this action on January 20, 2015 in New York State

Supreme Court, Fulton County. Fifth Third Bank removed this suit to federal court on February 19, 2015 on the bases of federal question and diversity jurisdiction.

Defendant now moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule __") 12(b)(6). Plaintiff opposed and defendant replied.[1] The motion was taken on its submissions and without oral argument.

## II. BACKGROUND

The following facts, taken from the complaint, are assumed true for purposes of the motions to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

On October 23, 2007, Reid purchased a 2007 Chrysler Sebring vehicle. It is not clear but it appears that plaintiff financed the purchase through Fifth Third Bank. Plaintiff alleges that he made the monthly payments of $369.87 which became due, but defendant did not report any of this payment activity to a credit reporting agency. He seeks damages to compensate him for the "hard ship in purchaseing [sic] power and stress in borrowing" and the "stress in everyday life with the freedom of building ones credit to able that person to better." Compl. p.1. Plaintiff alleges he filed a complaint with the New York State Consumer Protection Bureau, the State of Ohio Department of Commerce, and the Consumer Financial Protection Bureau under which defendant is licensed.

## III. DISCUSSION

### A. Rule 12(b)(6)–Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] Prior to filing his response on March 24, 2015, plaintiff filed a letter with attached exhibits on March 6, 2015. ECF No. 10. These will be considered in conjunction with his response.

544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where a plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152.

## B.  FCRA Claims

"The Fair Credit Reporting Act . . . regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." See 15 U.S.C. § 1681(b)." Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012). For the purposes of the FCRA and in light of plaintiff's allegations, defendant can best be described as a "furnisher" of information. As part of its regulatory scheme, the FCRA "imposes several duties on those who furnish information to consumer reporting agencies." Longman, 702 F.3d at 150 (citing § 1681s-2). "Among these are duties to refrain from knowingly reporting inaccurate information, see § 1681s-2(a)(1), and to correct any information they later discover to be inaccurate, see § 1681s-2(a)(2)." Id.

Under the FCRA, "[c]onsumers have the right to dispute any information reported to a credit reporting agency." Id. at 150–51 (citing § 1681g(c)(1)(B)(iii); §§ 1681i(a)(1)(A), 1681s-2(a)(8)). "If a dispute is filed with the agency, both the agency and the furnisher of that

information have a duty to reasonably investigate and verify that the information is accurate." Id. at 151 (citing 15 U.S.C. §§ 1681i(a)(1)(A), 1681s–2(b)).[2] "If a dispute is filed directly with the furnisher, [however,] the furnisher only has a duty to investigate in certain circumstances established by regulation."  Id. at 151 (citing § 1681s-2(a)(8); 16 C.F.R. § 660.4; Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 35 & n.8 (1st Cir. 2010)).  In limited circumstances, a consumer may bring a private suit against an individual who "willfully fails to comply with any requirement imposed under" the FCRA and recover actual or statutory damages, punitive damages, costs, and attorneys' fees.  Id. (citing § 1681n(a)).

Fifth Third Bank is a "furnisher of information" within the meaning of the FCRA.  Defendant argues that Reid's FCRA claims must be dismissed because:  (1) to the extent

---

[2] 15 U.S.C. § 1681s-2(b)(1) provides:
Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 16811(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

Reid asserts a claim under § 1681s-2(a), that section does not provide a private right of action, and (2) plaintiff has not alleged that a credit reporting agency gave defendant notice that plaintiff disputed information that they had provided, as required by § 1681s-2(b). Plaintiff's response fails to address defendant's substantive arguments and instead merely requests that defendant's motion be denied and that he be granted summary judgment.

Fifth Third Bank is correct that there is no private cause of action under § 1681s-2(a). Longman, 702 F.3d at 151.  The statute provides that subsection (a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title."  Id.; § 1681s-2(d).  Thus, to the extent plaintiff brings his claims under subsection (a) for failing to investigate disputed items that he raised with defendant directly, his FCRA claims must be dismissed.

"Unlike with Subsection (a), [however,] . . . courts have generally allowed consumers to pursue private claims for 'willful or negligent noncompliance with Section 1681s-2(b).'" Kane v. Guar. Residential Lending, Inc., No. 04–CV–4847, 2005 WL 1153623, at *5 (E.D.N.Y. May 16, 2005) (quoting O'Diah v.New York City, No. 02 Civ. 274, 2002 WL 1941179, at *13 (S.D.N.Y. Aug. 21, 2002) (collecting cases)).  "However, the duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice from a credit reporting agency of a consumer's dispute."  Id. at *4 (emphasis in original).  "A plaintiff proceeding under 1681s-2(b) is required to show that the furnisher was told by a credit reporting agency that the consumer's information was disputed, as opposed to being told by the consumer directly."  Kinel v. Sherman Acquisition II LP, No. 05 Civ. 3456, 2006 WL 5157678, at *15 (S.D.N.Y. Feb. 28, 2006), Report-Recommendation adopted, No. 05 Civ. 3456, 2007 WL 2049566 (S.D.N.Y. July 13, 2007).

Reid alleges that he filed a dispute directly with Fifth Third Bank, a furnisher under the FCRA.[3] See § 1681s–2(a)(8). Plaintiff does not allege that he filed a dispute with a credit reporting agency or that any credit reporting agency informed defendant that he was disputing certain information that defendant had provided. While plaintiff has submitted copies of correspondence detailing his various disputes, as well as communication with defendant directly, there is no indication that he filed a dispute with a credit reporting agency as required by the statute. Accordingly, plaintiff's complaint does not state a cause of action under § 1681s-2(b) because he has not pleaded that he contacted a consumer credit rating agency about any allegedly incorrect reports, that the agency notified defendant regarding the dispute, or that defendant failed to properly investigate. See LaCourte v. JP Morgan Chase & Co., No. 12 Civ. 9453, 2013 WL 4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("Here, the First Amended Complaint does not allege that LaCourte ever disputed any item in his file with a credit reporting agency, much less that any defendant received notice of such a dispute and failed to take appropriate action.").

If Reid can allege a plausible claim that Fifth Third Bank violated § 1681s-2(b), and can ultimately support such an allegation with credible evidence, such allegations should be included in an amended complaint. Therefore, plaintiff's complaint will be dismissed without prejudice.

---

[3] Plaintiff also filed complaints with various consumer protection agencies, and attached documentation of correspondence to and from these agencies. Only the dispute filed with defendant is relevant to a claimed violation of the FCRA.

## IV. CONCLUSION

Reid cannot assert a private cause of action under 15 U.S.C. § 1681s-2(a), and he has failed to state a claim under § 1681s-2(b) because he has not alleged that he ever disputed any item with a credit reporting agency. For these reasons, defendant's motion to dismiss will be granted and plaintiff's complaint will be dismissed without prejudice.

Therefore, it is

ORDERED that

1. Defendant Fifth Third Bank's motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim is GRANTED;

2. Plaintiff Luther D. Reid's complaint is DISMISSED in its entirety WITHOUT PREJUDICE; and

3. The Clerk is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, file a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 7, 2015
        Utica, New York.